LEIDIGH & HAVENS LUMBER COMPANY *v.* CLARK.

Opinion delivered April 23, 1906.

SECONDARY EVIDENCE—PRESS COPY OF LETTER.—If it was error to permit plaintiff to introduce a press copy of a letter written by him to defendant, without having notified defendant to produce the original, such error was not prejudicial where the letter was not the foundation of the suit, and where defendant testified that the letter was never received.

Appeal from Polk Circuit Court; *James S. Steel,* Judge; affirmed.

### STATEMENT BY THE COURT.

This is an action brought by T. W. Clark in the circuit court of Polk County against the defendant, Leidigh & Havens Lumber Company, a foreign corporation, to recover the sum of $1,849.59 alleged to be due plaintiff for services rendered as agent of defendant.    The complaint alleges that for some time prior to November 8, 1902, plaintiff was employed by defendant at a salary of $1,200 per annum as local manager of its mill business in the city of Mena, in Polk County, his duties being confined to the business of the defendant at that place, but that defendant was also engaged in the mill and lumber business extending into Polk, Sevier and Howard counties.

"That on the 8th day of November, 1902, the defendant notified the plaintiff that it had appointed him State agent for the defendant in the State of Arkansas.    That on November 10, the plaintiff, by letter, notified the defendant that he would charge the defendant fifteen hundred ($1,500) dollars per annum for his services as State agent, and requested an immediate reply; that upon receipt of the said letter at the office of the said

defendant, in Kansas City, the defendant advised the plaintiff that one of the company would take up the matter personally with the plaintiff, on coming to Mena. That, in pursuance with this promise, Mr. Banks, treasurer of the defendant company, came to Mena, and entered into a verbal contract and agreement with the plaintiff that the defendant would pay him the sum of fifteen hundred ($1,500) dollars per annum for services to be rendered by him as the company's State agent, beginning November 8, 1902. That the said Banks was authorized and did make contracts of employment for the said company in connection with its business in the State of Arkansas, and had authority to make the contract with this plaintiff.

"The plaintiff alleges that, in pursuance to the said contract and agreement with the said Banks, treasurer of the said corporations, as aforesaid, he acted as general agent for the corporation in this State from the 8th day of November, 1902, until the 30th day of January, 1904; and that for the services rendered as aforesaid the defendant is indebted to the plaintiff in the sum of eighteen hundred and forty-nine dollars and fifty-nine cents ($1,849.59); that all of said amount is due and unpaid, and that, though requested so to do, the defendant fails and refuses to pay the plaintiff."

\*       \*       \*       \*       \*       \*       \*       \*

"That when he assumed the duties as State agent he gave his attention to the general business of the company in this State, which required a great deal more time and attention than had been required of him when he served alone as manager of the company.

"That he attended as State agent to the matter of looking after the mills in Sevier County, to the drawing of mortgages, bills of sale, and other contracts and matters to lumber and timber; looked after suits brought by and against the company, and performed such other and customary duties as are usually required of a State agent."

The defendant filed its answer, which, after the denial of any contract with plaintiff to pay him the salary sued for, or any amount as State agent, or that its treasurer, Banks, was authorized to enter into any such contract, set forth the following defense:

"4. And for further answer to the complaint of the plaintiff, the defendant says that on or about the 8th day of November, 1902, the defendant by its president [under] the seal of said company, filed [certificate] in the office of the Secretary of State, designating the plaintiff, T. W. Clark, as its State agent, upon whom service of summons and other process might be had; that Mr. Banks, the treasurer of the company, had nothing to do whatever with the designating of the State agent, and that the only reason that a State agent was appointed by the defendant was for the purpose of complying with the requirements of the law with reference to foreign corporations doing business in this State, and was not for the purpose of enlarging the responsibilities or increasing the duties of the plaintiff, who at the time was the defendant's business manager at Mena, Arkansas, and the defendant says that long before the 8th day of November, 1902, the plaintiff was employed by the defendant at its mill in Mena, Arkansas, as its general manager, upon a salary of one hundred ($100) dollars per month, and that said plaintiff continued in the service of the said company upon said salary until the first day of February, 1904; that the plaintiff, something like a month prior to said first day of February, 1904, resigned his position as general manager for the defendant company at Mena, Arkansas, and was paid in full by the defendant for his services rendered, upon the expiration of his services for the company as such general manager."

The cause was tried before jury, a verdict was returned in favor of plaintiff for $1,500, and the defendant appealed to this court.

*Botsford, Deatherage & Young* and *J. I. Alley,* for appellant.

1. No notice having been given appellant to produce the original of the letter claimed by plaintiff to have been written by him to defendant, it was error to admit in evidence the letterpress copy.

2. Instructions of the court are erroneous as being inapplicable to the testimony, and misleading because not in accord with the issues raised in the pleadings. 46 Ark. 103; 7 Ark. 474; 25 Ark. 436; 15 Ark. 491; 25 Ark. 405; 63 Ark. 108; 63 Ark. 568. They are also erroneous in submitting to the jury

the question of Banks' authority when the entire case, both on the statutes of the State and the facts in testimony, show that he had no such authority. His authority to make the contract can not be assumed from other contracts made by him, unless the other contracts were of the same character.

3. The court ought to have directed a verdict for defendant on its request. Since the statute creating the position or office of State agent for the service of process upon foreign corporations provides no salary or compensation therefor, the most that plaintiff could claim would be a reasonable compensation for services actually performed; and, since it is neither alleged nor proved that he performed any service as State agent of defendant, the request for peremptory instruction should have been given. 52 C. C. A. 339, 343; 35 Ark. 155; 57 Ark. 465; 5 Ark. 649.

*Pole McPhetrige* and *Hal. L. Norwood,* for appellee.

1. It is established by the proof that the contract was made by Banks with appellee, that Banks had been held out by the company as having the authority, that he was authorized from the home office to make the contract, and that it was ratified by the company. It is settled that the judgment will not be disturbed where the evidence is legally sufficient to sustain the verdict, nor the verdict disturbed if there is conflict in the evidence. 25 Ark. 474; 23 Ark. 13; 31 Ark. 163; 51 Ark. 467; 57 Ark. 577; 46 Ark. 524; 47 Ark. 196; 50 Ark. 511; 67 Ark. 531. It will not be disturbed though the court may be of opinion that a preponderance of the evidence is against it. 13 Ark. 306, 324; 14 Ark. 419; 18 Ark. 598; 26 Ark. 360; 19 Ark. 119; 22 Ark. 50.

2. Proper foundation having been laid, copies of letters are admissible in evidence, and next to the originals themselves letter-press copies are the best evidence. 9 Am. & Eng. Enc. Law, 898; Wharton on Ev. § 133. Depositing a letter in the postoffice addressed to a party at his place of business is *prima facie* evidence that he received it in the ordinary course of mails. 60 Ark. 544.

3. The law of the case was fully submitted to the jury in the instructions given at the instance of appellant and appellee. They are to be considered as a whole; and, though one of several may have been too limited, or tended to mislead, still if, taken

together, they express the law, and fairly submit the matter to the jury, the verdict will stand.    48 Ark. 396; 24 Ark. 264; 21 Ark. 351; 58 Ark. 353; 59 Ark. 422.

McCULLOCH, J., (after stating the facts.)    1. Learned counsel·for appellant ask for reversal mainly upon the ground that the evidence is insufficient to sustain the verdict.    Their position, briefly stated, is that the appointment, in compliance with the statutes of the State, by a foreign corporation doing business in the State of an agent upon whom process may be served contemplates the performance of no service or labor except the purely formal one of receiving and forwarding copies of process delivered to the agent; and, as the statute fixes no fee of compensation therefor, none can be claimed.

This contention, however, ignores other facts alleged in the complaint as grounds for recovery.    Appellee does not base his claim alone upon the performance of the perfunctory duties of agent of defendant for receipt of process. He alleged in his complaint, and introduced testimony tending to prove, that, at the time of his appointment as agent for that purpose, he was then local manager of defendant's mill at Mena, that his duties were then enlarged so as to include the general management of all the defendant's extensive business in adjoining counties, and that he then demanded, and the defendant agreed to pay him, an additiona, salary of $1,500 for the performance of such additional services. He testified that he performed the additional servcies in compliance with the new contract.    It is true that these things were disputed by appellant.    Its contention in the pleadings and before the jury was that appellee was already employed on a salary of $1,200 per annum as general manager; that the appointment as State agent to receive service of process involved no new duties of a substantial character, and that it made no agreement to pay him an additional salary.    But the jury determined these disputed·questions of fact upon legally sufficient evidence against appellant, and, under the well-settled practice of this court, we are concluded by the findings of the jury.

The employment of appellee as agent to receive service of process, and with superadded duties as general manager of appellant's business in the State, at a stated salary in addition to the amount he was already receiving, was a matter about which the

parties undoubtedly could contract, and the validity and binding force of their contract in this respect must be recognized by the court. It is entirely erroneous to say, as contended by learned counsel, that, because the statute requiring the appointment by a foreign corporation of an agent to receive services of process fixes no fee or compensation, the parties may not agree upon the payment of a certain compensation, and may not also agree upon the performance of other duties than that of receiving and forwarding copies of served process.

The evidence upon this, as well as all the issues in the case, was sufficient to sustain the findings of the jury, and the verdict will not be disturbed on that account.

2. Appellee testified that on November 10, 1902, he wrote a letter to appellant, the substance of which is set forth in the complaint, notifying appellant that he would demand a salary of $1,500 per annum for his services as State agent, and that he received a reply in due course of mail to the effect that Mr. Banks, the treasurer of the company, would visit Mena in a short time and take the matter up personally with appellee. He testified that a press copy of his said letter to appellant was kept, and the same was read in evidence over the objection of appellant. Error of the court in admitting the letter in evidence is assigned here on the ground that appellant should have first been notified to produce the original letter before a copy could be introduced in evidence but the objection below was placed on entirely different grounds.

Appellee was clearly entitled to make proof of the letter as a preliminary step in the alleged negotiation for increase of his salary. Conceding that appellant was entitled to notice, so that the original could be produced, no prejudice resulted from the failure to give notice, as the officers of appellant company testified that no such letter was ever received, and that they had made search for the same on the files in the office and could not find it. The notice could, therefore, have availed nothing if it had been given.

The contract is not, according to appellee's contention, dependent upon this letter. Appellee testified that the agreement for increased salary was made with Mr. Banks, appellant's treasurer, on the occasion of his visit to Mena in January, 1903.

Banks denied having made the agreement, and denied his authority to make such an agreement with appellee. But there was evidence, sufficient to go to the jury, of his authority to make the contract, as well as the fact that he did make it.

In the trial below the only issues submitted to the jury were whether Banks entered into the alleged contract with appellee for enlargement of his duties and increase of his salary, and whether he had authority to make such a contract for appellant. Both sides accepted these as the only two issues in the case, and both asked instructions thereon which were given by the court. The instructions fairly submitted the issues to the jury, and a verdict was returned upon conflicting and legally sufficient evidence.

Judgment affirmed.